IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIRGIL VAMICHICHI,** : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. 14-7262 |
| : | |
| : | |
| **TAMMY FERGUSON,** *et al.*, : | |
| Respondents. : | |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                          **September 20, 2016**

Petitioner seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. Magistrate Judge Timothy R. Rice issued a Report and Recommendation ("R&R") recommending that the petition be denied, to which Petitioner filed objections. For the following reasons, Petitioner's objections will be overruled and the Petition for writ of habeas corpus will be denied.

### I.   PROCEDURAL HISTORY

Petitioner is currently incarcerated at a state correctional institution, having been convicted of rape, aggravated assault, unlawful restraint, and criminal conspiracy following an April 2008 non-jury trial in the Philadelphia Court of Common Pleas. On January 30, 2009, Petitioner was sentenced to an aggregate sentence of twelve to fourteen years in state prison, consisting of consecutive sentences of five to ten years for both rape and aggravated assault and two to four years for unlawful restraint. Petitioner was also sentenced to ten years of probation. Petitioner appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence.

Petitioner then filed a petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), arguing that trial counsel was ineffective for failing to move to dismiss the unlawful restraint charge as barred by the statute of limitations. The PCRA court agreed and vacated Petitioner's sentence. Upon re-sentencing, the court re-imposed the same aggregate sentence of twelve to twenty four years imprisonment by ordering Petitioner to serve consecutive sentences of six to twelve years for rape and aggravated assault, followed by ten years of probation for conspiracy. Petitioner appealed, arguing that the court erred when resentencing him. The Superior Court rejected this claim and upheld Petitioner's sentence.

On December 23, 2014, Petitioner filed a *pro se* petition seeking habeas relief, arguing that: (1) his due process rights were violated when his sentences for rape and aggravated assault were increased; and (2) his criminal conspiracy conviction resulted in a violation of his constitutional protection against double jeopardy. The R&R concluded that the claims were without merit. Petitioner's objections to the R&R largely repeat the claims brought in his petition.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this petition. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[1] Where, as here, the petition is referred to a magistrate judge for a report and recommendation, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept,

---

[1] 28 U.S.C. § 2254(a).

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2]

## III. DISCUSSION

### A. Sentence Increase

Petitioner first argues that the trial court violated his due process rights by vindictively increasing his sentences for rape and aggravated assault following the successful appeal of his unlawful restraint conviction.[3] This claim is meritless. While due process concerns may be implicated where a court imposes a greater sentence following a defendant's successful appeal of his conviction,[4] the sentence Petitioner received on remand was no greater in the aggregate than his original sentence.[5] Moreover, Petitioner has offered no evidence that the trial court acted vindictively, aside from the court's alleged failure to explain why Petitioner's sentences for rape and aggravated assault were increased.[6] That alone is insufficient to establish vindictiveness.[7]

Petitioner also argues in his objections that his re-sentencing violated the Sixth Amendment because his sentences were increased without a jury trial (although Petitioner had waived his right to a jury trial originally).[8] Petitioner's argument rests on a misreading of the

---

[2] 28 U.S.C. § 636(b)(1).

[3] Petition, Doc. No. 1, Ground 1; Objection, Doc. No. 10, at 3-4.

[4] *See North Carolina v. Pearce*, 395 U.S. 711 (1969).

[5] *See United States v. Murray*, 144 F.3d 270, 275 (3d Cir. 1998) (rejecting due process claim on appeal because defendant's new sentences upon remand did "not exceed the total length of his original sentence").

[6] Objection at 3.

[7] *See United States v. Weingarten*, 713 F.3d 704, 714 (2d Cir. 2013) (finding that no presumption of vindictiveness applied where court increased defendant's sentence after one of defendant's convictions was vacated on appeal); *see also generally Alabama v. Smith*, 490 U.S. 794, 799 (1989) (holding that a presumption of vindictiveness following imposition of a more severe sentence applies only where "there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority") (citations and internal quotation marks omitted).

[8] Objection at 3.

Supreme Court's decision in *Alleyne v. United States*, which held "that any fact that increases the mandatory minimum is an 'element' [of the offense] that must be submitted to the jury."[9] Here, Petitioner's enhanced sentences were imposed for crimes for which Petitioner had already been convicted, and the trial court merely exercised its discretion to issue standard-range sentences for those crimes—no new elements were introduced.[10] Petitioner's Sixth Amendment rights thus were not implicated, and Petitioner's first claim for relief is denied.

### B. Double Jeopardy

Petitioner next argues that his double jeopardy rights were violated because Petitioner was convicted of conspiracy as well as the underlying offenses of rape and aggravated assault.[11] However, it is well-established that conspiracy is a separate and distinct crime from the underlying offenses, and that a defendant may be convicted of both without raising double jeopardy concerns.[12] Thus, the court's imposition of a separate sentence for conspiracy in addition to the underlying offenses did not violate Petitioner's constitutional rights against double jeopardy.

## IV. CONCLUSION

The objections to the R&R are overruled. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. There

---

[9] 133 S. Ct. 2151, 2155 (2013). Petitioner's argument fails for the additional reason that *Alleyne* is "not retroactively applicable to cases on collateral review," such as Petitioner's. *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir.), *cert. denied*, 135 S. Ct. 695 (2014).

[10] *See* Response to Petition, Doc. 4, Ex. B at 5 (Superior Court decision affirming Petitioner's sentence and explaining that Petitioner was given a "standard-range sentence" imposed with the benefit of a pre-sentence investigation report).

[11] Petition, Ground 2; Objection at 2.

[12] *See United States v. Felix*, 503 U.S. 378, 389-90 (1992) (noting the longstanding rule "that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes"); *see also Pinkerton v. United States*, 328 U.S. 640, 643 (1946) ("It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established.").

is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[13]  An order will be entered.

---

[13] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).